UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL SPIRLES,

                Petitioner,        **REPORT AND RECOMMENDATION**
-vs-                               **No. 03-CV-0523(RJA)(VEB)**

MICHAEL McGINNIS,

                Respondent.

*Background*

*Pro se* petitioner Michael Spirles ("Spirles") commenced the instant habeas proceeding pursuant to 28 U.S.C. § 2254 on July 10, 2003. At the time he filed his petition Spirles was incarcerated at Southport Correctional Facility in Pine City ("Southport") pursuant to a judgment of conviction

On November 17, 2006, the Court (Arcara, Chief D.J.) issued an amended referral order (Docket No. 16) referring the instant action to the undersigned pursuant to 28 U.S.C. § 636(b). A copy of the order was sent to Spirles' at his last known address (Southport) by regular mail. However, the order subsequently was returned to the District Court Clerk in Buffalo, and date-stamped received by the Clerk on November 27, 2006. According to the postmark on the envelope, the order originally had been mailed from Buffalo to Spirles on November 17, 2006. Underneath the November 27th date-stamp, there appears another date-stamp from Southport with the date of November 20, 2006, indicating it was received at the jail three days after it was mailed. Above this date-stamp is a handwritten notation, "Refused Mail 11-20-06 rc". To the left, in different handwriting, is the notation, "RTS ➜C.1.18."

A search of New York State Department of Correctional Facilities Inmate Locator website indicates that Spirles is no longer at Southport, having been transferred to Upstate Correctional Facility ("Upstate"). The inmate locator website does not indicate the date of transfer.

This Court's staff then contacted both Southport and Upstate spoke with representatives of those facilities in October 2008, in an attempt to discover what had occurred with regard to the order being refused and returned to sender. A representative of Upstate in the Inmate Records department confirmed with the Court via phone that Spirles arrived at Upstate on April 7, 2008. The Court learned from a representative at Southport that Spirles' cell number was C.1.18 (which appears on the envelope next to "RTS"). The representative searched the Legal Mail Log Book for November 2006, and discovered that Spirles, personally, refused to accept the mail. The Southport representative informed the Court that the Legal Mail Log Book records the disposition of items of legal correspondence received at the correctional facility. Specifically, the prison employees record the sender and return address of the mail, the date it was received at the facility, the inmate's name, and the inmate's cell number. There also is a space for the inmate's signature, to acknowledge that he received the mail. In this case, there is an entry on November 20, 2006, for mail received from the District Court Clerk's Office in Buffalo, addressed to Spirles, and delivered to cell number C.1.18. The representative read the notation in the space for the inmate's signature: "refused to accept mail." Thus, it was Spirles who refused to accept mail from this Court and caused it to be returned to sender. These circumstances clearly indicate to the Court that Spirles has lost interest in continuing to pursue this action.

Further evidencing Spirles' abandonment of this action is his failure to apprise the Court

of his transfer to a new facility, in violation of the procedural rules for the Western District. In particular, Local Rule 5.2(d) provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." Local Rule 5.2(d) further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Since his transfer in April 2008, Spirles he has had more than enough time to fulfill his obligation under Local Rule 5.2(d) to inform the Court of his correct address.[1]

*Discussion*

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may, in its discretion, dismiss an action based upon a petitioner's failure to prosecute an action or comply with any order of the Court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for

---

[1] "'It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.'" *Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (Pooler, D.J.) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985 and citing, *inter alia*, Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984); Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)); *accord*, *e.g.*, *Fusco v. Craig*, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, *2 (N.D.N.Y. Dec. 20, 2006).

abuse of discretion only[.]" *Id.* (citing *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986)). Although the Second Circuit has cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations." *LeSane*, 239 F.3d at 209 (internal quotations omitted), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. *Accord*, *e.g.*, *Fusco v. Craig*, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *1 (N.D.N.Y. Dec. 20, 2006 (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 W.L. 9688, AT *1 (S.D.N.Y. Jan. 14, 1994) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir.1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two court orders and otherwise demonstrated a lack of respect for the court); *Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir.1976) (affirming dismissal with prejudice where counsel failed to appear for trial despite no showing of delay)).

In making the determination of whether involuntary dismissal under Rule 41(b) is appropriate, the Second Circuit considers five main factors, none of which is dispositive: "(1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir.1999) (quotation omitted); *accord*, *e.g.*, *LeSane*, 239 F.3d at 209-10.

In this Court's opinion, this case presents a different twist from the usual scenario–it is

not simply that Spirles, a *pro se* petitioner, has been confused about procedure or dilatory in responding to deadlines. Indeed, Spirles cannot claim unfamiliarity with Local Rule 5.2(d), as he previously prosecuted a habeas action in Western District of New York in 2001. *See Spirles v. Morse*, No. 01-CV-562(HKS).[2] Nor has he, out of neglect, failed to fulfill his obligation to provide notification of his new address. Rather, Spirles has refused to accept correspondence from the Court and has deliberately frustrated the Court's attempts to communicate with him. Thus, although the Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute, *e.g.*, *Drake v. Norden Sys. Inc.*, 375 F.3d 248, 251 (2d Cir. 2004), it appears that would be futile at this juncture. Moreover, Spirles had already been warned once before in this matter that his failure to comply with an order of the district court could result in dismissal of his case without prejudice. *See* Order dated April 20, 2004 (Larimer, D.J.) (Docket No. 7). Thus, Spirles is on notice that involuntary dismissal was a sanction for the failure to comply with court directives.

Although Spirles has not explicitly asked to withdraw his petition, his actions convey the message that he no longer wishes to pursue his claims against respondent. Under these circumstances, it would be appropriate to conclude that petitioner has abandoned the action.

### *Conclusion*

Accordingly, the Court recommends dismissal of the instant proceeding pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon petitioner's refusal to correspond with

---

[2] The docket report indicates that this matter (No. 01-CV-0562) was closed on August 13, 2002, and the Second Circuit denied his request for a certificate of appealability. He was permitted to file the within habeas proceeding because the Second Circuit found that his application was not a second or successive petition precluded by 28 U.S.C. § 2244. *See* Second Circuit Mandate (Docket No. 6, No. 03-CV-0523) in this matter.

the Court, his failure to prosecute this action, and his failure to comply with the District Court's local rules of practice.  The Court furthermore recommends that no Certificate of Appealability should issue because Spirles cannot make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

        /s/ Victor E. Bianchini
        _____
        VICTOR E. BIANCHINI
        United States Magistrate Judge

Dated: October 27, 2008
      Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

                                                  */s/ Victor E. Bianchini*

                                                    VICTOR E. BIANCHINI
                                             United States Magistrate Judge

Dated: October 27, 2008
        Buffalo, New York